IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MARQUEL ANDERSON,**

       **Plaintiff,**

**v.**                                                   **Civil Action No.   5:16cv138**
                                                              **(Judge Stamp)**

**NORTHERN REGIONAL JAIL,**
**WEXFORD MEDICAL,**

       **Defendants.**

## REPORT AND RECOMMENDATION

On August 26, 2016, the *pro se* Plaintiff initiated this case by filing a civil rights complaint against the above-named Defendants. This case is before the undersigned for an initial review and report and recommendation.

## I. The Complaint

In the complaint, the Plaintiff alleges that he was denied his seizure medication at the Northern Regional Jail. The Plaintiff further alleges that after going a whole month without his medication, he suffered a seizure on July 4, 2016. The Plaintiff maintains that during the seizure, he hit his head and bit his tongue. For relief, the Plaintiff asks the court "to hold NRJ and Wexford accountable and grant [him] five hundred thousand dollars [due] to pain and suffering, neglect, failure to provide [him] with medical treatment in a timely manner…" ECF No. 1 at 14.

## II. Standard of Review

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or

malicious. Pursuant to 28 U.S.C. § 1915(e)(2), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. Improper Defendants

42 U.S.C. §1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

---

[1] Id. at 327.

2

decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982)

In the instant case, the Plaintiff does not name any person as a defendant, but instead, names the Northern Regional Jail and Wexford Medical. Neither of these defendants is a proper defendant because neither is a person within the meaning of § 1983. Moreover, "[a]ccording to the Fourth Circuit Court of Appeals, 'a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" Wexford is not a person and is therefore not a proper defendant in this action. Paige v. Kirby, 314 F.Supp.2d 619, 622 (N.D.W.Va. 2004), quoting Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999). Nowhere in the Plaintiff's complaint does he allege or even insinuate that Wexford has an official policy or custom that prevents the surgery and/or treatment that the plaintiff believes is required to alleviate his medical conditions.

## IV. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001).

The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written

---

[2] Id.

report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

The Plaintiff's complaint establishes that a prisoner grievance procedure is

available at the Northern Regional Jail. ECF No. 1 at 4. However, the Plaintiff clearly indicates that he failed to follow the grievance procedure. More specifically, the Plaintiff began the administrative remedy process by initiating his grievance with medical and then with the Administrator. Moreover, he never filed with the Chief of Operations or the Executive Director. ECF No. 1 at 5. Therefore, the Plaintiff failed to fully exhaust his administrative remedies by failing to complete the inmate grievance procedure provided by the West Virginia Regional Jail Authority. Because the failure to exhaust is clear on the face of the complaint, *sua sponte* dismissal of this action is appropriate.[3] See Anderson, 407 F.3d at 682.

## IV. RECOMMENDATION

In consideration of the foregoing, it is recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for the failure to exhaust, and the Plaintiff's Motion to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and

---

[3] Despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements . . . ," see Booth v. Churner, 532 U.S. at 741, n. 6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense, where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where Plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms). Here, the Plaintiff has failed to set forth any accepted reason to excuse his failure to exhaust.

Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

    IT IS SO ORDERED.

    The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

    DATED: March 2, 2017.

                                                    /s Michael John Aloi
                                                  MICHAEL JOHN ALOI
                                                  UNITED STATES MAGISTRATE JUDGE