IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARQUEL ANDERSON,

       Plaintiff,

v.                                  Civil Action No. 5:16CV138
                                                            (STAMP)

NORTHERN REGIONAL JAIL
and WEXFORD MEDICAL,

       Defendants.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING IN PART REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE,
DENYING § 1983 PETITION AND
SUSTAINING PLAINTIFF'S OBJECTIONS
AS TO EXHAUSTION OF REMEDIES**

I.   Background

The pro se[1] plaintiff, Marquel Anderson ("Anderson"), filed a civil rights action under 42 U.S.C. § 1983 alleging he was denied seizure medication at the Northern Regional Jail. Anderson further alleges that after being without his medication an entire month, he suffered a seizure. Anderson maintains that during the seizure, he hit his head and bit his tongue. Anderson claims that the Northern Regional Jail and Wexford Medical Services ("Wexford") violated his Eighth Amendment rights by failing to administer his medication. Anderson seeks $500,000.00 due to pain and suffering, neglect, and failure to provide him with treatment in a timely manner.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

The case was referred to United States Magistrate Judge Michael John Aloi for initial review and recommendation under Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A. After conducting a preliminary review of the complaint, Magistrate Judge Aloi recommended that Anderson's complaint be dismissed without prejudice for a failure to name proper defendants and a failure to exhaust all administrative remedies. Anderson then filed an objection to the portion of Magistrate Judge Aloi's recommendation regarding his failure to exhaust. For the following reasons, the report and recommendation is adopted and affirmed in part, Anderson's petition is denied, and his objections are sustained.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), any portion of the magistrate judge's recommendation to which objection is timely made will be reviewed de novo by this Court. Any portions of a recommendation to which no objection is made, will be reviewed under a "clearly erroneous" standard. 28 U.S.C. § 636(b)(1)(A). Because the plaintiff has filed timely objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Magistrate Judge Aloi first concluded that Anderson failed to name proper defendants because neither is a "person" under § 1983.

To this conclusion, Anderson offered no objection. The magistrate judge next concluded that Anderson failed to exhaust his administrative remedies. Specifically, he concluded that Anderson failed to follow the proper grievance procedure because he filed a grievance with the medical unit but did not file a grievance with the Northern Regional Jail Administrator. Anderson objects to this part of the recommendation and it will be reviewed de novo.

A.  Improper Defendants

The magistrate judge first concluded that Anderson failed to name a proper "person" as a defendant because he instead names only the Northern Regional Jail and Wexford Medical Services. Anderson does not object to this portion of the magistrate judge's review and it will be reviewed under a clear error standard. This Court finds no clear error with regard to this issue.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Generally, the language of § 1983 provides that natural "persons" are appropriate defendants, and does not expressly state that municipal corporations fall under the statute. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 660 (1978). For a municipal entity or a private corporation that is a state actor to

be held liable under § 1983, there must be an official policy adopted that is responsible for the deprivation of rights. Id. at 690 (U.S. June 6, 1978); see also Paige v. Kirby, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004).

Anderson does not name a natural person as a defendant. Further, Anderson's complaint fails to allege that Wexford or the Northern Regional Jail have official policies or customs that prevent the surgery and or treatment the plaintiff believes is required to alleviate his medical conditions. This Court finds no clear error with regard to this issue.

B.  Exhaustion of Administrative Remedies

The magistrate judge concluded, sua sponte, that Anderson failed to exhaust his administrative remedies. Anderson objects to this conclusion and it will therefore be reviewed de novo.

Under 42 U.S.C. § 1997(e)(a), a prisoner bringing an action with respect to prison conditions under § 1983 must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). However, exhaustion is an affirmative defense and typically cannot be grounds for sua sponte dismissal. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). In the rare case that sua sponte dismissal is appropriate, a plaintiff's complaint must show a failure to exhaust administrative remedies on its face. Id.

4

at 361; see also Anderson v. XYZ Prison Health Serv., 407 F.3d 674, 682 (4th Cir. 2005).

The West Virginia Regional Jail Authority makes available to its inmates a grievance procedure through which they may seek review of complaints related to the conditions of their confinement. Following this procedure, inmates submit a grievance to facility administration, which is reviewed and either rejected or accepted. If accepted, the grievance continues to be investigated and reported on by staff members. Written decisions are provided to the inmates which include any subsequent action taken by prison administration. If the decision is unfavorable, inmates may appeal. The grievance process is to be concluded within 60 days inclusive of an extensions.

In this case, it is not clear from the facts alleged that Anderson failed to exhaust the administrative remedies available to him. Anderson states that he did file grievances, and also attached illegible copies to his complaint. In his objections, Anderson states that his grievances filed with the Northern Regional Jail Administration received no response, and that requested copies of these documents were never delivered to him. Anderson further argues that he did not receive proper guidance or assistance from jail officials in pursuing the grievance procedure.

A court's dismissal for failure to exhaust is not appropriate where a plaintiff argues that failure was a direct result of prison

5

officials failing to provide him with the proper appeal forms. Custis v. Davis, 851 F.3d 358, 362 (4th Cir. 2017). This Court finds that Anderson adequately alleged his attempt to exhaust and that dismissal for failure to exhaust is not proper. Dismissal is as to Anderson's failure to name proper defendants, not as to exhaustion.

IV. Conclusion

For the above reasons, the magistrate judge's report and recommendation (ECF No. 15) is AFFIRMED and ADOPTED IN PART. Accordingly, Anderson's complaint (ECF No. 1) is DISMISSED WITH PREJUDICE as to the named defendants, and Anderson's objections to the report and recommendation as to exhaustion of remedies is SUSTAINED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     May 25, 2017

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE